**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Changsha Jiangli Trading Co., LTD, a Chinese limited company,<br><br>Plaintiff,<br><br>v.<br><br>Nengwu He and DONGGUAN KUAI TECHNOLOGY CO., LTD.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Changsha Jiangli Trading Co., LTD ("Plaintiff"), by and through its attorneys of record, the Bayramoglu Law Offices, LLC, submits the following Complaint for Declaratory Judgment and Damages against Defendants Nengwu He ("He") and DONGGUAN KUAI TECHNOLOGY CO., LTD. ("DKT" and collectively referred to herein with He as the "Defendants"), and alleges based on information and belief the following:

## NATURE OF THE ACTION

1. This is an action for Declaratory Judgment for non-infringement and invalidity of Defendants' U.S. Patent No. D1,029,109 S (the "'109 Patent") and for damages resulting from common law unfair competition, common law Intentional Interference with Prospective Economic Advantage, and Illinois Unfair Competition. A true and correct copy of the '109 Patent is attached hereto as Exhibit "A". Plaintiff seeks declaratory relief, actual damages, an award of attorney's fees and costs, and any other relief that the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought under, and subject matter jurisdiction of this action, is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338 (action arising under an Act of Congress relating to patents). This action is also brought under the patent laws of

the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.) and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

3. This Court has jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so integrally related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Venue is proper in this action under 28 U.S.C. § 1391 because Defendants do business within the state of Illinois, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendants are subject to personal jurisdiction in this District.

5. Illinois contains multiple large Amazon.com ("Amazon") fulfillment centers, which would distribute Plaintiff's products across the state. Defendants' claims of infringement include transactions that happen on a regular basis within Illinois's jurisdiction. Defendants also sell their own products through Amazon to consumers located throughout Illinois.

6. Defendants transacted and conducted business in this judicial district, purposefully availing themselves of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendants maintain ongoing contractual relationships within this district and conducts or solicits business within this district. Defendants directly and/or through intermediaries, offers for sale, sells, and advertises their products that are pertinent to this action within this district.

7. On information and belief, Defendants are not residents of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendants may be sued in any judicial district, including in the Northern District of Illinois.

///

///

## THE PARTIES

8. Plaintiff is a limited company organized under the laws of China with its principal place of business at No. 205, 207, 208, 209, 2F, Building 12, Gaoxin Sunflower Garden, No. 9, Gufeng South Road, Xianjiahu Street, Yuelu District, Changsha City, Hunan Province 410006, CN.

9. On information and belief, Defendant He is an individual who is believed to be in China, although Plaintiff is not presently aware of He's specific address.

10. On information and belief, Defendant DKT is a company owned by Defendant He and organized under the laws of China, although Plaintiff is not presently aware of DKT's specific address.

11. On information and belief, He and DKT are alter egos of one another with a unity of interest and ownership.

## BACKGROUND FACTS

12. Plaintiff is the owner of the JIANGLI-Direct store on Amazon (the "Online Store") and an online sales webpage for a "display stand" identified as ASIN B0C1NXG7BB ("Plaintiff's Product") through the online Amazon platform.

13. Plaintiff received a notification from Amazon that Plaintiff's Product was being removed due to an allegation of infringement of the '109 Patent submitted by He.

14. The notification from Amazon submitted by He only provided an email address of 76493427@qq.com, which is a common format for emails in China. There was no other address or contact information provided.

15. He is listed as the inventor and applicant of the '109 Patent, which was filed on May 15, 2023, and was issued on May 28, 2024.

16. The 109' Patent is a design patent claiming the ornamental design of a sign holder.

17. On information and belief, He is the owner of DKT, which in turn operates the "newnewshow" store on Amazon.

18. The "newnewshow" store on Amazon (DKT's Online Store) has been selling sign holders with an identical design as the '109 Patent under ASIN B07YNP76T7 since at least as early as December 10, 2019 and ASIN B07YNN93X7 since at least as early as December 13, 2019 (collectively referred to herein as "DKT's Products").

19. The advertising for DKT's Products as displayed on DKT's Online Store promote the utilitarian function of how the rounded corner design will not injure the hands of the person handling the sign holder.

20. DKT's Products sold by and through DKT's Online Store were publicly available well over a year prior to the May 15, 2023 application filing date that matured into the '109 Patent.

21. Defendants knew that the patented design was both functional and publicly available for well over a year prior to seeking registration of the '109 Patent.

22. Defendants knew the patented design for which they sought protection by filing the application that matured into the '109 Patent was publicly available more than a year prior and was not disclosed to the United States Patent and Trademark Office (the "USPTO") during prosecution. Defendants' failure to disclose this material information during the prosecution of the application that matured into the '109 Patent was done intentionally because had they made this required disclosure the '109 Patent would have never issued.

23. Despite knowing the '109 Patent was invalid, Defendants intentionally attempted to harm Plaintiff and prevent legitimate marketplace competition by having Plaintiff's Product improperly removed from the Amazon platform through the Amazon complaint submission that resulted in the delisting of Plaintiff's Product.

24. As a result of Defendants' actions in having Plaintiff's Product removed from its Online Store, Plaintiff has lost substantial sales in addition to the loss of established goodwill and incalculable harm to Plaintiff's product ranking.

25. There is a substantial and continuing justiciable controversy between Plaintiff and Defendants as to Defendants' right to have Plaintiff's Product removed by Amazon from its Online Store by claiming infringement of the '109 Patent, when Defendants knew there were, at least,

serious issues concerning the validity and scope of the ‘109 Patent. Plaintiff also maintains a substantial and continuing interest in Plaintiff's restoration of its product listing associated with Plaintiff's Product on its Online Store and the recovery for damages to its sales, reputation, and product ranking.

**COUNT I**
**DECLARATORY JUDGMENT FOR INVALIDITY OF THE ‘109 PATENT UNDER 35 U.S.C. §§ 102, 103**
**[Against Defendant He]**

26. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 25, above.

27. Defendant He filed the application that matured into the ‘109 Patent on May 15, 2023.

28. DKT's Online Store has been selling an identical sign holder design to that claimed under the alleged inventions described in the ‘109 Patent since at least as early as December 10, 2019.

29. The claimed invented design described in the ‘109 Patent was already in public use, on sale, or otherwise available to the public well over a year prior to the effective filing date of the ‘109 Patent, thereby, at least, constituting an on-sale bar to issuance under 35 U.S.C. § 102.

30. The identical sign holder design sold by DKT's Online Store would be prior art to the ‘109 Patent that would render the ‘109 Patent invalid for the failure of the novelty requirement.

31. Even if the sign holder design sold by DKT's Online Store was made by He, or by another who obtained the design directly or indirectly from He, the December 10, 2019 date is well over a year prior to the May 15, 2023 application filing date.

32. As such, the sign holder designs sold by DKT's Online Store constitutes prior art to the ‘109 Patent, which would render the ‘109 Patent invalid for obviousness under 35 U.S.C. § 103.

33. In addition, or alternatively, the sign holder designs sold by DKT's Online Store constitutes an on-sale bar to patentability of ‘109 Patent under 35 U.S.C. § 102.

34. Based on the foregoing, Plaintiff is entitled to such declaratory relief pursuant to Federal Ru1e of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., in the form of a judgment, that the ‘109 Patent is invalid under 35 U.S.C. §§ 102 and/or 103.

35. Plaintiff is additionally entitled to the recovery of attorneys' fees and costs as provided for by statute, regulation, rule, or as otherwise authorized.

**COUNT II**

**DECLARATORY JUDGMENT FOR INVALIDITY OF THE ‘109 PATENT DUE TO FUNCTIONALITY OF DESIGN UNDER 35 U.S.C. § 171**

**[Against Defendant He]**

36. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 25, above.

37. A design patent must be new, original, and ornamental to be valid.

38. Design patents must only contain a single claim identifying the formal terms of the ornamental design.

39. Design patents only protect the non-functional aspects of an ornamental design displayed in a patent.

40. If the patented design is primarily functional rather than ornamental, the patent is invalid.

41. The ‘109 Patent claims an ornamental design of a sign holder, specifically for the curved top portion of the sign holder and split bottom portion.

42. The curved top portion of the sign holder is primarily functional for the prevention of harm to the hand of the person handling the sign holder.

43. DKT's Online Store specifically promotes and advertises the "newnewshow" sign holder as having a "rounded corner design" that "will not cause injuries to your hands."

44. There is no alternative design that would have the basic function of preventing harm to the hands of the person handling the sign holder. Every alternative design other than a smooth, round design would inevitably contain one or more sharp corners, points, and/or edges.

45. Based on the foregoing, Plaintiff is entitled to such declaratory relief pursuant to Federal Ru1e of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., in the form of a judgment, that the ‘109 Patent is invalid.

46. Plaintiff is additionally entitled to the recovery of attorneys’ fees and costs as provided for by statute, regulation, rule, or as otherwise authorized.

**COUNT III**

**PATENT INVALIDITY BASED ON INEQUITABLE CONDUCT**

**[Against Defendant He]**

47. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 25, above.

48. Defendant He was the named applicant for the application filed on May 15, 2023 with the USPTO that matured into the ‘109 Patent.

49. As an applicant seeking registration with the USPTO for his claimed design patent inventions, He was under an affirmative obligation to disclose all known prior art references that were material to the prosecution of the application that matured into the ‘109 Patent.

50. The 109’ Patent, which was issued by the USPTO on May 28, 2024, is a design patent claiming the ornamental design of a sign holder.

51. On information and belief, Defendant He is an owner of Defendant DKT, which has marketed and sold sign holders, identified herein as Defendant’s Products, that are virtually identical to those claimed and depicted in the specifications contained in the ‘109 Patent since at least December 10, 2019 through DKT’s Online Store. Alternatively, Defendant He is alleged to be the alter ego of DKT.

52. Defendant’s Products constituted material, prior art to the application that matured into the ‘109 Patent, which, if presented to the patent prosecutor during the examination process, would have precluded issuance of the ‘109 Patent.

53. Defendant's Products constitute material, on-sale bar evidence under 35 U.S.C. § 102 to the application that matured into the '109 Patent, which, if presented to the patent prosecutor during the examination process, would have precluded issuance of the '109 Patent.

54. Alternatively, Defendant's Products constitute a material reference that qualifies as prior art to the application that matured into the '109 Patent, which would have rendered the claimed inventions being examined by the USPTO as obvious under 35 U.S.C. § 103.

55. He was aware of the existence of Defendant's Products prior to filing the application on May 15, 2023 that matured into the '109 Patent and knew that disclosure of Defendant's Products during prosecution would have precluded issuance of the'109 Patent. As such, He intentionally withheld and/or failed to disclose Defendant's Products or their related offerings for sale to the public to the USPTO during the prosecution of the application that matured into the '109 Patent because doing so would result in all pending claims being deemed unpatentable.

56. He could not have obtained issuance of any of the claims recited in the '109 Patent had he disclosed Defendant's Products and their related offerings for sale to the USPTO during prosecution of the application that matured into the '109 Patent.

57. Defendant's Products clearly and unquestionably contain all inventions claimed as being novel by He in the application that matured into the '109 Patent.

58. Defendant He's conduct during prosecution of the application that matured into the '109 Patent constitutes inequitable conduct before the USPTO.

59. Plaintiff is entitled to an Order declaring the '109 Patent invalid based on He's inequitable conduct before the USPTO.

60. Plaintiff is additionally entitled to the recovery of attorneys' fees and costs as provided for by statute, regulation, rule, or as otherwise authorized.

///

///

**COUNT IV**

**COMMON LAW UNFAIR COMPETITION**

**[Against All Defendants]**

61. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 25, above.

62. An application for a patent requires an inventor's oath or declaration.

63. "A person may not execute an oath or declaration for an application unless that person has reviewed and understands the contents of the application, including the claims, and is aware of the duty to disclose to the Office all information known to the person to be material to patentability." 37 C.F.R. § 1.63(c).

64. As the inventor, Defendant He had a duty to disclose to the patent office the existence of the prior sales of the claimed patented design.

65. On information and belief, Defendant He intentionally withheld the information relating to the prior sales of Defendant's Products with the knowledge that disclosure of such sales would result in the rejection of the '109 Patent.

66. On information and belief, Defendant He intentionally withheld the information relating to the intended and advertised functionality of the curved design of the '109 Patent.

67. On information and belief, Defendant He only attempted to obtain the '109 Patent to block legitimate marketplace competition for a product that has been in public use, sold, and otherwise publicly available for years.

68. Defendant He, through DKT, engaged in unfair competition by falsely and in bad faith representing to Amazon that Plaintiff's Product infringed the '109 Patent despite knowing that the '109 Patent was invalid and unenforceable.

69. Defendant DKT, though Defendant He, intentionally and knowingly facilitated the improper assertion of the inventions claimed in the '109 Patent with, at least, Amazon.

70. Based on Defendants' conduct, Amazon was intentionally and knowingly deceived by Defendants' bad faith representations of infringement of the '109 Patent, and such deception

influenced consumer purchasing decisions by resulting in the improper removal of Plaintiff's Product and product listing by Amazon.

71. Plaintiff's Product became unavailable to purchase through its Online Store maintained with Amazon, which was the purpose of Defendant's He's unjustified submission to Amazon claiming infringement of the '109 Patent, which was done with the express intention of causing harm to Plaintiff's business.

72. Defendants intended for Plaintiff's Product on Amazon to be removed to limit, or eliminate, the sale of Defendants' competing products.

73. Defendant He's actions were done on behalf of himself and/or DKT for DKT to reap the benefits of having reduced competition in the marketplace so that both Defendants could directly or indirectly profit therefrom.

74. Based on the foregoing, Plaintiff should be entitled to recover a disgorgement of Defendants' profits in an amount to be proven as being a result of the removal of Plaintiff's Products from its Online Store.

75. As a result of Defendants' bad faith representations to Amazon, Plaintiff has suffered direct injury to Plaintiff's own profits, product recognition, business reputation, and product ranking. Plaintiff is entitled to damages in an amount to be proven at trial.

76. Plaintiff is additionally entitled to the recovery of attorneys' fees and costs as provided for by statute, regulation, rule, or as otherwise authorized.

## COUNT V
## COMMON LAW TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

**[Against All Defendants]**

77. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 25, above.

78. Plaintiff had an ongoing business relationship with Amazon relating to Plaintiff's Product listed for sale under its Online Store and had the reasonable expectancy of continuing such a business relationship for future sales of Plaintiff's Product through its Online Store.

79. As a seller on Amazon, Defendants had full knowledge of Plaintiff's expectancy of the ongoing relationship and prospective future business arrangements between Plaintiff and Amazon regarding Plaintiff's allegedly infringing product, especially considering Defendants would have an identical expectancy for its own products sold on the same platform.

80. Defendants purposefully and knowingly interfered with Plaintiff's expectancy from being fulfilled by making baseless and fraudulent assertions of patent infringement, which ultimately caused Amazon to remove Plaintiff's Product from its Online Store, thus denying the future and ongoing business relationship between Plaintiff and Amazon for Plaintiff's Product.

81. Defendants knew that the removal of Plaintiff's Product from its Online Store would harm Plaintiff's business and would benefit Defendants due to having less competition. Defendants intended to harm Plaintiff by fraudulently convincing Amazon to remove Plaintiff's Product.

82. Defendants had no privilege or justification in interfering with Plaintiff's relationship with Amazon.

83. As a result of Defendants' interference with the ongoing and future relationship between Plaintiff and Amazon, Plaintiff has lost and is continuing to lose approximately $15,000 in monthly revenue and has suffered irreparable harm to its reputation and product ranking.

84. Based on the foregoing, Defendants have caused Plaintiff to suffer monetary damages in an amount subject to proof at trial.

85. By reason of the foregoing, Plaintiff has suffered direct, proximate and foreseeable damages in an amount to be proven at trial.

86. Plaintiff is additionally entitled to the recovery of attorneys' fees and costs as provided for by statute, regulation, rule, or as otherwise authorized.

**COUNT VI**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510/1, et seq.)**
**[Against All Defendants]**

87. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 25, above.

88. Defendants' acts and conduct constitute deceptive trade practices because Defendants have "disparage[d] the goods, services, or business of another by false or misleading representation of fact;" within the meaning of Section 815 ILCS 510/2(a)(8).

89. Defendants' acts and conduct are wrongful, knowing, willing, and malicious, and constitute unfair competition under Illinois law.

90. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and product ranking. Unless enjoined by the Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendants' unlawful activities.

91. Plaintiff is entitled to recovery of costs and attorney's fees under 815 ILCS 510/3 as a result of Defendants willfully engaging in deceptive trade practices.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For judgment in favor of Plaintiff against Defendants on all claims;

2. For judgment against Defendant He declaring the '109 Patent is invalid under one or more of 35 U.S.C. §§ 102 and 103, functionality of the design, and/or unenforceability due to inequitable conduct during prosecution of the '109 Patent before the USPTO;

3. An award of damages against all Defendants for unfair competition, tortious interference with prospective economic advantage, and/or violation of Illinois Deceptive

Trade Practices Act;

4. An award of Plaintiff's reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law, including 35 U.S.C. § 285 and/or 815 ILCS 510/3;

4. An award of Plaintiff's reasonable attorneys' fees and costs as provided for by statute, regulation, rule, or as otherwise authorized;

5. An Order by this Court that Defendants must immediately revoke any complaints of infringement of the '109 Patent made to Amazon.com with respect to Plaintiff, Plaintiff's Product, and/or its Online Store;

6. Enjoining Defendants temporarily, preliminarily, and permanently from making any future complaint regarding the '109 Patent against Plaintiff and Plaintiff's Product;

7. Ordering Defendants to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

8. An award of Plaintiff's damages due to Defendants' improper acts, including but not limited to a disgorgement of Defendants' unlawful profits, in an amount to be determined at trial;

9. An award of Plaintiff's compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

10. An award of exemplary, punitive, statutory, and enhanced damages to Plaintiff as warranted by statute, rule, common law or as otherwise justified by a showing that such conduct was intentional, willful, wanton, reckless, and/or grossly negligent;

11. An award of pre- and post- judgment interest;

12. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: October 4, 2024

Respectfully Submitted

By: */s/ David Silver*
DAVID SILVER, ESQ.
SHAWN MANGANO, ESQ.
JOSEPH DROTER, ESQ.
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road, Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973
Fax: (702) 553-3404
david@bayramoglu-legal.com
shawn@bayramoglu-legal.com
joseph@bayramoglu-legal.com
*Attorneys for Plaintiff*